## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

HOWARD LINDEN, as Personal Representative
Of the Estate of JEFFREY LITTLEJOHN,

      Plaintiff,                               Case No.:
                                          Hon.
-vs-                                      Magistrate

CITY OF LANSING, a municipal corporation,
Officer SHIRLEY XIONG,
Officer DARRYL MCCULLOUGH, and Officer BRIAN RASDALE,
Individually, and in Their Official Capacity, Jointly and Severally,

      Defendants.
_____

**GEOFFREY N. FIEGER (P30441)**
**E. JASON BLANKENSHIP (P63566)**
FIEGER, FIEGER, KENNEY, GIROUX,
DANZIG & HARRINGTON P.C.
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555
_____

## <u>COMPLAINT AND JURY DEMAND</u>

     NOW COMES Plaintiff, HOWARD LINDEN, as Personal Representative of the

Estate of JEFFREY LITTLEJOHN, deceased, by and through his attorneys, FIEGER,

FIEGER, KENNEY, GIROUX, DANZIG & HARRINGTON, P.C., and for his Complaint

against the above-named Defendants, states unto this Honorable Court as follows:

     1.     The Plaintiff-Personal Representative, JARAEL LITTLEJOHN, is a

resident of the City of Lansing, County of Ingham and State of Michigan.

     2.     JARAEL LITTLEJOHN is the duly appointed Personal Representative of

the Estate of JEFFREY LITTLEJOHN, deceased, appointed by the Ingham County

1

Probate Court on November 23, 2011.

       3.     The CITY OF LANSING (hereinafter "LANSING") is a municipal corporation within the State of Michigan.

       4.     Defendant Officer SHIRLEY XIONG (hereinafter "XIONG") is an Officer with the Lansing Police Department and at all relevant times was acting in that capacity as an employee, agent, and servant of LANSING.

       5.     Defendant Officer DARRYL MCCULLOUGH (hereinafter "MCCULLOUGH") is an Officer with the Lansing Police Department and at all relevant times was acting in that capacity as an employee, agent, and servant of LANSING.

       6.     Defendant Officer BRIAN RASDALE (hereinafter "RASDALE") is an Officer with the Lansing Police Department and at all relevant times was acting in that capacity as an employee, agent, and servant of LANSING.

       7.     The Defendant CITY OF LANSING is a municipal corporation within the State of Michigan and at all times relevant hereto employed XIONG, MCCULLOUGH, and RASDALE.

       8.     At all times relevant hereto, XIONG, MCCULLOUGH, and RASDALE were the servants, agents, or employees of Defendant CITY OF LANSING.

       8.     The amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND (75,000.00) DOLLARS and is therefore within the jurisdiction of this Court.

       10.    None of the defendants are entitled to qualified immunity.

## COMMON ALLEGATIONS

11.     On April 30, 2011, at approximately 11:05 a.m., Lansing Police responded to the home of Alisha Littlejohn, at 410 Dunlap, Lansing, MI

12.     Alisha Littlejohn had called the Lansing Police because she was worried about her brother, JEFFREY LITTLEJOHN.   She was concerned that her brother JEFFREY LITTLEJOHN was possibly suicidal, and was acting strangely.

13.     While the Lansing Police were at Ms. Littlejohn's house, interacting with her and with JEFFREY LITTLEJOHN, they ran a LEIN search on JEFFREY LITTLEJOHN, and determined that he had an outstanding warrant.

14.     Upon learning that JEFFREY LITTLEJOHN had an outstanding warrant, the Lansing Police arrested JEFFREY LITTLEJOHN, and took him into custody.

15.     While on the way to the Lansing Police Station, the arresting officer noticed that JEFFREY LITTLEJOHN was sweating profusely, and began to slur his words.   JEFFREY LITTLEJOHN told the arresting officer that he'd taken 8-9 Seroquel, in order to go to sleep.

16.     The arresting officer asked JEFFREY LITTLEJOHN if he wanted to commit suicide, and JEFFREY LITTLEJOHN said that he did want to kill himself.

17.     The arresting officer took JEFFREY LITTLEJOHN to Sparrow Hospital for medical clearance.

18.     After being evaluated by the personnel at Sparrow Hospital, JEFFREY LITTLEJOHN was taken to the Community Mental Health Authority of Ingham County, at 812 E. Jolly Rd, Lansing, MI (hereinafter "Community Mental Health"), for psychiatric evaluation.

3

19.     JEFFREY LITTLEJOHN became distraught and agitated while at Community Mental Health, and left the building on foot.

20.     The Lansing Police were called by Community Mental Health, and began searching for JEFFREY LITTLEJOHN.

21.     At the same time, the Lansing Police were called by a 911 call of a report of an unwanted person at 609 E. Jolly, Lansing, MI.

22.     According to the residents at 609 E. Jolly, Lansing, MI, an unknown person, later learned to be JEFFREY LITTLEJOHN, was banging on the doors of the apartment complex, stating that it was an emergency, that he needed help, and that he couldn't breathe.

21.     Defendant MCCULLOUGH arrived at the scene at 609 E. Jolly Rd, Lansing, MI, responding to the call of an unwanted person, with Defendants XIONG and RASDALE arriving soon thereafter.

22.     Upon arriving at the scene, MCCULLOUGH encountered JEFFREY LITTLEJOHN at Apt. 15 of the complex at 609 E. Jolly Rd.

23.     Immediately upon encountering the Lansing Police, JEFFREY LITTLEJOHN told MCCULLOUGH that he was having trouble breathing.

24.     Despite JEFFREY LITTLEJOHN telling MCCULLOUGH that he could not breathe, and that he needed help, MCCULLOUGH handcuffed JEFFREY LITTLEJOHN behind his back.

25.     MCCULLOUGH led JEFFREY LITTLEJOHN away from the door to the apartment at 609 E. Jolly, Lansing, MI, and sat him on the ground.

26.     JEFFREY LITTLEJOHN stopped speaking to MCCULLOUGH, and his

4

breathing slowed.   MCCULLOUGH kept the handcuffs on JEFFREY LITTLEJOHN at this time.

27.     Defendant XIONG arrived on the scene to assist Defendant MCCULLOUGH.   Both XIONG and MCCULLOUGH searched for a pulse on JEFFREY LITTLEJOHN, and noted that his breaths were getting further apart, and more labored.   Neither MCCULLOUGH nor XIONG removed the handcuffs.

28.     Defendant RASDALE arrived at the scene, and he also did not remove the handcuffs.

29.     The Defendant Officers responded to the deceased, JEFFREY LITTLEJOHN's attempts to save his own life and get up from the ground by restraining him and refusing him the opportunity to breathe.

30.     The Defendant Officers said that JEFFREY LITTLEJOHN was "faking it", and had been all day.

31.     The Lansing Fire Department arrived on the scene, including emergency medical personnel.

32.     When the Lansing Fire Department arrived, they put a blood pressure cuff on JEFFREY LITTLEJOHN, and discovered that he was already in cardiac arrest.

33.     The Lansing Fire Department told the Defendant Officers to remove the handcuffs from JEFFREY LITTLEJOHN, so that they could start CPR on him.

34.     JEFFREY LITTLEJOHN was taken by Lansing Fire to Sparrow Hospital, where he was pronounced dead.

5

**COUNT I**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 USC §1983**
**BY DEFENDANTS MCCULLOUGH, XIONG AND RASDALE**
**AND CITY OF LANSING**

35.     Plaintiff hereby incorporates by reference paragraphs 1 through 34 as if fully set forth herein, word for word.

36.     The above-described killing of an innocent citizen was without legal justification.

37.     Pursuant to 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, the individual Defendants and Defendant City of Lansing's agents owed Plaintiff a duty to act prudently and with reasonable care and to otherwise avoid the use of unnecessary, unreasonable, excessive deadly force.

38.     The individual Defendants and Defendant LANSING'S agents, by unjustifiably withholding necessary medical care from Plaintiff, and by restraining him and refusing him the opportunity to breathe violated his rights to be free from punishment, deprivation of life and liberty without due process of law, and to be free from deliberate indifference to all of said rights under the Fourth and Fourteenth Amendments to the United States Constitution.

39.     After employing unnecessary, unreasonable and excessive force resulting in a violation of Plaintiff's rights under 42 USC §1983, the individual Defendants and Defendant LANSING's agents along with other officers failed to timely render and/or timely seek and/or timely obtain medical care or assistance for the Plaintiff or secure transportation to a hospital, which conduct constitutes a deliberate indifference to a serious medical need.

6

40.     As a direct proximate cause the Plaintiff suffered the injuries described above and experienced pain, suffering, and ultimately death and therefore encountered economic and non-economic damages as well as punitive and exemplary damages.

41.     As a direct and proximate result of the Defendants' acts and/or omissions, JEFFREY LITTLEJOHN died, and thus his estate, via its personal representative, has and will continue to suffer damage into the future, including but not limited to:

    a.   Reasonable medical, hospital, funeral, and burial expenses;

    b.   Reasonable compensation for the pain and suffering undergone by JEFFREY LITTLEJOHN while he was conscious during the time between his injury and death;

    c.   Loss of financial support;

    d.   Loss of service;

    e.   Loss of gifts and/or other valuable gratuities;

    f.   Loss of society and companionship;

    g.   Punitive and exemplary damages; and

    h.   All other damages properly recoverable under the Michigan Wrongful Death Act.

WHEREFORE, Plaintiff HOWARD LINDEN, Personal Representative of the Estate of JEFFREY LITTLEJOHN, deceased, respectfully requests this Honorable Court enter a judgment in her favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees, as well as an award of punitive damages.

**COUNT II**
**8TH AMENDMENT VIOLATION**
**FAILURE TO PROVIDE MEDICAL TREATMENT**

41.     Plaintiff hereby incorporates by reference paragraphs 1 through 40 as if fully set forth herein, word for word.

42.     As an arrestee, JEFFREY LITTLEJOHN had the constitutional right to medical care.

43.     As an arrestee, JEFFREY LITTLEJOHN had the constitutional right to medical care once police officers were alerted to his serious medical need.

44.     As an arrestee, Plaintiff Decedent had the constitutional right to medical treatment once it was determined that he was experiencing severe difficulty breathing.

45.     The constitutional rights set forth herein were clearly established on April 30, 2011.

46.     The facts as alleged in Count I herein establish that JEFFREY LITTLEJOHN demonstrated a strong likelihood of suffering a serious medical condition, i.e., inability to breathe.

47.     The individual Defendants acted with deliberate indifference to the threat, knowledge and certainty that JEFFREY LITTLEJOHN had a serious medical need.

48.     JEFFREY LITTLEJOHN had psychological and/or medical needs which were manifested by his complaints of inability to breathe.

49.     Objectively, the medical needs of JEFFREY LITTLEJOHN, by virtue of the strong likelihood of a medical emergency as manifest by his inability to breathe were sufficiently serious such that Defendants' deliberate indifference to those needs

8

establishes a deprivation of JEFFREY LITTLEJOHN's rights secured by the United States Constitution.

50.     The facts as alleged in Count I including but not limited to the conveyance of information and the information conveyed to individual Defendants' a subjective perception of facts from which to infer a substantial risk to JEFFREY LITTLEJOHN.

51.     After becoming aware of facts from which to infer a substantial risk to JEFFREY LITTLEJOHN and after drawing the inference of substantial risk to JEFFREY LITTLEJOHN the individual Defendants then disregarded that risk by virtue of their failure to obtain and/or provide adequate medical treatment to JEFFREY LITTLEJOHN.

52.     In disregarding the substantial risk to JEFFREY LITTLEJOHN, Defendants acted with deliberate indifference.

53.     Defendants were acting under color of state law.

54.     Defendants deprived JEFFREY LITTLEJOHN of a right secured by the United States Constitution.

55.     The deprivation of a right secured by the Constitution occurred without due process of law.

56.     Defendants' conduct violated a right so clearly established that any official in their position would have clearly understood that they were under an affirmative duty to refrain from withholding emergency medical treatment and/or under an affirmative duty to procure and provide said emergency medical treatment.

57.     The death of JEFFREY LITTLEJOHN occurred as a direct and proximate result of the deliberate indifference to Decedent's medical needs and thus the violation of Decedent's constitutional rights by Defendants.

9

58.     As a direct and proximate result of the Defendants' acts and/or omissions, JEFFREY LITTLEJOHN died, and thus his estate, via its personal representative, has and will continue to suffer damage into the future, including but not limited to:

    a.  Reasonable medical, hospital, funeral, and burial expenses;

    b.  Reasonable compensation for the pain and suffering undergone by JEFFREY LITTLEJOHN while he was conscious during the time between his injury and death;

    c.  Loss of financial support;

    d.  Loss of service;

    e.  Loss of gifts and/or other valuable gratuities;

    f.  Loss of society and companionship;

    g.  Punitive and exemplary damages; and

    h.  All other damages properly recoverable under the Michigan Wrongful Death Act.

WHEREFORE, Plaintiff HOWARD LINDEN, Personal Representative of the Estate of JEFFREY LITTLEJOHN, deceased, respectfully requests this Honorable Court enter a judgment in her favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees, as well as an award of punitive damages.

10

## COUNT III
## GROSS NEGLIGENCE AND INFLICTION OF EMOTIONAL
## DISTRESS BY INDIVIDUAL DEFENDANTS

57.     Plaintiff hereby incorporates by reference paragraphs 1 through 56 as if fully set forth herein, word for word.

58.     At all times relevant, as a result of the Michigan Constitution and/or Michigan statutes and/or Michigan common law and/or the special relationship that existed between the Decedent and the individual Defendants, Defendants had a duty to provide adequate medical care and/or treatment to the Decedent and to act with ordinary care for the safety of Decedent.

59.     Defendants breached their duty, acted with recklessness, willful and wantonness and with deliberate indifference as to whether harm would result by restraining JEFFREY LITTLEJOHN in a position which would restrict his ability to breathe, by keeping JEFFREY LITTLEJOHN handcuffed with his arms behind his back even though he was complaining of an inability to breathe, and then he was manifesting symptoms of an inability to breathe.   Such actions caused serious harm and then death to JEFFREY LITTLEJOHN, and inflicted serious emotional distress.

60.     In addition to the aforementioned actions and/or omissions, the various Defendants acted in an extreme and outrageous manner with reckless disregard as to whether injury would result.

61.     The acts and/or omissions and/or conduct of Defendants as alleged in the above-stated cause of actions constitute gross negligence and/or battery and/or intentional infliction of emotional distress under the laws of the State of Michigan and this Court has pendent (supplemental) jurisdiction to hear and adjudicate said claims.

62.     As a direct and proximate result of the Defendants' acts and/or omissions, JEFFREY LITTLEJOHN died, and thus his estate, via its personal representative, has and will continue to suffer damage into the future, including but not limited to:

    a.  Reasonable medical, hospital, funeral, and burial expenses;

    b.  Reasonable compensation for the pain and suffering undergone by JEFFREY LITTLEJOHN while he was conscious during the time between his injury and death;

    c.  Loss of financial support;

    d.  Loss of service;

    e.  Loss of gifts and/or other valuable gratuities;

    f.  Loss of society and companionship;

    g.  Punitive and exemplary damages; and

    h.  All other damages properly recoverable under the Michigan Wrongful Death Act.

WHEREFORE, Plaintiff HOWARD LINDEN, Personal Representative of the Estate of JEFFREY LITTLEJOHN, deceased, respectfully requests this Honorable Court enter a judgment in her favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees, as well as an award of punitive damages.

Respectfully submitted,

/s/ E. Jason Blankenship
Geoffrey N. Fieger (P30441)
E. Jason Blankenship (P63566)
FIEGER, FIEGER, KENNEY & GIROUX, P.C.
Dated June 13, 2013          Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555
j. blankenship@fiegerlaw.com

12

## <u>JURY DEMAND</u>

NOW COMES Plaintiff, JARAEL LITTLEJOHN as the Personal Representative of the Estate of JEFFREY LITTLEJOHN, Deceased, by and through his attorneys, FIEGER, FIEGER, KENNEY, GIROUX, DANZIG & HARRINGTON, P.C., and hereby demands a jury trial in this matter.

Respectfully submitted,

/s/ E. Jason Blankenship
Geoffrey N. Fieger (P30441)
E. Jason Blankenship (P63566)
FIEGER, FIEGER, KENNEY & GIROUX, P.C.
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555
j.blankenship@fiegerlaw.com

13